Case 1:12-cv-01600-GSA   Document 25   Filed 03/27/13   Page 1 of 7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL A. MILLER, | 1:12-CV-01600 GSA HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br>[Doc. #23] |
| v. | ORDER DISMISSING PETITION |
| MARION SPEARMAN, Warden, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Marion Spearman,[1] is the Warden of the Correctional Training Facility where Petitioner is housed. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Tulare,

---

[1] Marion Spearman is currently the warden of the correctional facility where Petitioner is housed. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Marion Spearman is hereby substituted as Respondent in this matter.

following his conviction by jury trial on April 13, 2007, of assault with a deadly weapon, attempted home invasion, attempted involuntary manslaughter, second degree robbery, first degree burglary, second degree commercial burglary, and conspiracy to commit robbery. On June 7, 2007, Petitioner was sentenced to serve a determinate term of 8 years and 8 months in state prison.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On March 18, 2009, the Fifth DCA modified the abstract of judgment to reflect that Petitioner was convicted of second degree burglary on count three and that his sentence on count three was stayed. The abstract was further modified to reflect that Petitioner was sentenced to the low term of two years for the assault conviction, that he was convicted of first degree burglary in count nine, and that he was convicted of attempted involuntary manslaughter in count ten. The judgment was affirmed as modified. Petitioner then sought a petition for review in the California Supreme Court. On June 17, 2009, the petition was summarily denied.

Petitioner then filed two post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. California Supreme Court
Filed: January 3, 2011[2];
Denied: June 29, 2011;

2. Tulare County Superior Court
Filed: March 16, 2011;
Denied: March 17, 2011.

On December 16, 2010, Petitioner filed a federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. On January 13, 2011, he filed an amended petition. Because Petitioner had failed to pay the filing fee or submit a completed application to proceed in forma pauperis, the court dismissed the case without prejudice on January 31, 2011. One year later on January 24, 2012, Petitioner filed a motion for permission to file late claims. The Northern District construed the motion as a motion to re-open the case. On May 21, 2012, Petitioner filed another amended petition. On June 1, 2012, the Northern District

---

[2] Pursuant to the mailbox rule, the Court deems the petitions filed on the dates they were signed by Petitioner and presumably handed to prison authorities for mailing. Rule 3(d) of the Rules Governing Section 2254 Cases; Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001).

granted the motion to re-open. On September 28, 2012, the case was transferred to the Eastern District and received in this Court. On February 5, 2013, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file an opposition to Respondent's motion.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 30, 2006, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitations on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on June 17, 2009. Thus, direct review concluded on September 15, 2009, when the ninety (90) day period for seeking review in the United States Supreme Court expired. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year until September 15, 2010, absent applicable tolling, to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until December 16, 2010,[3] over three months beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

---

[3] The petition contains a signature date of June 9, 2010. The Court does not accept this date as the date of filing pursuant to the mailbox rule because it is highly implausible it took prison authorities six months to mail the petition. Petitioner submits nothing to show he is entitled to tolling under the mailbox rule for this six-month period, and the mail logs reflect that nothing was mailed to the U.S. District Court for the Northern District in the relevant time frame.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on September 16, 2009, and expired on September 15, 2010.  Petitioner filed his first state habeas petition on January 3, 2011.  Because the limitations period had already expired by that time, the state petition had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  Likewise, the subsequent petition did not operate to toll the statute of limitations.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss for failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

3) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

4) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:   March 26, 2013**              /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE